UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

DAVID M. MALTINSKY

*Plaintiff,*

v.

KASHYAP P. PATEL, *et al.,*

*Defendants.*

Civil Action No. 25-cv-4031 (RJL)

----------------------------------------------------------------------------------------------------------

## PLAINTIFF'S MEMORANDUM IN SUPPORT OF CONSENT MOTION TO FILE AN AMENDED COMPLAINT

Pursuant to Federal Rule of Civil Procedure 15(a)(2), Plaintiff David Maltinsky respectfully requests that the Court grant Plaintiff's Consent Motion to File an Amended Complaint. Defendants consent to this request. In accordance with the LCvR 7(i) and LCvR 15.1, a copy of the proposed First Amended Complaint accompanies this Motion. Specifically, Plaintiff seeks to add counts related to Plaintiff's claims of discrimination and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.,* as those claims are now ripe for adjudication after having been administratively exhausted. Because the proposed amendments will not cause undue delay and are not made in bad faith, amendment is appropriate in this case.

### I.    Proposed Amendments

In the amended complaint, Plaintiff seeks to add three counts pertaining to the termination action at issue in the original complaint. Count V and Count VI allege that Defendants violated 42 U.S.C. § 2000e *et seq*. when Plaintiff was terminated because of his

sexual orientation and in retaliation for his protected activity.  Plaintiff filed an EEO complaint

with the Federal Bureau of Investigation on October 24, 2025 alleging such.  On April 20, 2026,

Plaintiff received a decision dismissing his formal complaint of discrimination and retaliation.

Plaintiff now timely seeks to include these Counts as they have been administratively exhausted.

Further, the April 20, 2026 dismissal stated alleged the termination was pursuant to "the FBI

Director's authority under Article II of the Constitution" and thus beyond the purview of Title VII.

Count VII is pled in the alternative to address this claim.  Specifically, if the Court finds that the

constitutional or statutory protections do not apply here because Article II grants the Executive

Branch the unfettered authority to remove Plaintiff (it does not), Count VII alleges that

Plaintiff's removal by Defendant Patel was inconsistent with the Appointments Clause, a legal

nullity, and *ultra vires*.

## II.    Argument

Under Rule 15(a)(2) of the Federal Rules of Civil Procedure, a party may amend its

pleading if the opposing party consents to the amendment in writing. Fed. R. Civ. P. 15(a)(2);

*see also Parker v. John Moriarty & Assoc.*, 320 F.R.D. 95, 97 (D.D.C. 2017) (Under Rule

15(a)(2), leave to amend "should be freely given unless there is a good reason to the contrary.")

(citing *Willoughby v. Potomac Elec. Power Co.*, 100 F.3d 999, 1003 (D.C. Cir. 1996)). Here,

Plaintiff is seeking to amend promptly after his claims were administratively exhausted.  There is

no undue delay as discovery has not yet commenced, nor bad faith as Plaintiff could not bring

these claims until they were exhausted at the Agency.

Furthermore, Plaintiff has not previously amended the complaint and the rules

contemplate at least one amendment as of right in response to a motion to dismiss.[1]  *Cf.* Fed. R.

---

[1]  The timeframe for filing an amendment as right under Rule 15(a)(1) passed prior to the administrative exhaustion of Plaintiff's Title VII claims.  Thus, Plaintiff is filing this motion

Civ. Pro. 15(a)(1)(B).  Defendants also consent to the request to file an amended complaint, and the parties have conferred and jointly proposed a new schedule as set forth in the motion and proposed order for Defendants' response to the amended complaint, Plaintiff's response thereto, and Defendants' reply.

### III.    Conclusion

For the reasons stated above, the Court should grant Plaintiff's motion to file his First Amended Complaint and reset the deadlines as proposed by the parties.

A memorandum in support, a proposed order, and the First Amended Complaint are attached.

Dated: May 5, 2026.

/s/ Christopher M. Mattei
Christopher M. Mattei
  Pro hac vice
Margaret M. Donovan
  D.D.C. No. CT0026
KOSKOFF, KOSKOFF & BIEDER, PC
350 Fairfield Ave., Suite 501
Bridgeport, CT 06604
Tel: (203) 336-4421
Fax: (203) 368-3244
cmattei@koskoff.com
mdonovan@koskoff.com
Attorneys for Plaintiff David M. Maltinsky

/s/ Kerrie D. Riggs
Kerrie D. Riggs
  D.D.C. No. 995784
Jeremy D. Wright
  (Pro hac vice forthcoming)
KATOR, PARKS, WEISER & WRIGHT, P.L.L.C.
1150 Connecticut Ave., N.W., Suite 705
Washington, D.C. 20036

---

pursuant to Federal Rule of Civil Procedure 15(a)(2).

3

Phone: (202) 898-4800
Fax: (202) 289-1389
kriggs@katorparks.com
jwright@katorparks.com
*Attorneys for Plaintiff David M. Maltinsky*

*/s/ Nathaniel A.G. Zelinsky*
NATHANIEL A.G. ZELINSKY
 D.C. Bar No. 1724093
MARY L. DOHRMANN
 D.C. Bar No. 90042577
SYDNEY FOSTER
 D.C. Bar No. 982340
WASHINGTON LITIGATION GROUP
1717 K Street, NW, Suite 1120
Washington, D.C. 20006
(202) 521-8750
nzelinsky@washingtonlitigationgroup.org
mdohrmann@washingtonlitigationgroup.org
sfoster@washingtonlitigationgroup.org
*Attorneys for Plaintiff David M. Maltinsky*