**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

DAVID MALTINSKY,

          *Plaintiff,*

    v.

KASHYAP P. PATEL *et al.*,

          *Defendants*.

No. 25-cv-4031-RJL

## <u>MOTION TO SCHEDULE RULE 16 CONFERENCE</u>

This case involves the government's egregious abuse of a member of the nation's law enforcement community. In October 2025, Defendants fired Plaintiff David Maltinsky for displaying a pride flag at his workstation. In response, Maltinsky brought this lawsuit. The First Amended Complaint asserts, among other things, First Amendment and Title VII claims. In their partial motion to dismiss, Defendants have challenged *only* Maltinsky's Title VII claims and a few ancillary issues. This means one way or another, to resolve the First Amendment claims at minimum, this case must head to discovery. Because there is no need to wait for discovery to begin, Maltinsky respectfully requests the Court schedule a Rule 16 conference at its earliest convenience. Defendants have indicated they oppose this motion.

Under Local Rule 16.3(b), discovery is presumptively stayed until after a defendant has filed an answer. This default rule reflects the reality that, in this District, defendants can often marshal defenses at the motion-to-dismiss stage, which if successful could resolve the entire case and obviate the need for discovery. But "trial courts are vested with broad discretion to manage the conduct of discovery," and it makes little sense to delay discovery in a matter, such as this one,

in which "the pending motion will *not* dispose of the entire case."  *Chavous v. Dist. of Columbia Fin. Resp. & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2-3 (D.D.C. 2001) (citation modified, emphasis added); *see Royer v. Federal Bureau of Prisons*, 292 F.R.D. 60, 62 (D.D.C. 2013) ("A stay of discovery pending determination of a motion to dismiss is rarely appropriate when the pending motion will not dispose of the entire case" (citation modified)).

Indeed, when a partial motion to dismiss will leave the case alive, delaying discovery only unnecessarily prolongs the inevitable.  *See* 10A *Federal Procedure, Lawyers Edition* § 26:318 ("A court should generally not . . . stay discovery pending determination of a dispositive motion if . . . resolution of the motion will not dispose of the entire case."); *CT Espresso LLC v. Lavazza Premium Coffees Corp.*, No. 22-CV-377 (VSB), 2022 WL 1639485, at *2 (S.D.N.Y. May 24, 2022) ("[C]ourts tend to consider whether the resolution of the pending motion to dismiss may dispose of the entire action." (citation modified)).

This case is a textbook example in which waiting makes little practical sense.  Even if Defendants prevail on their partial motion in its entirety, the nature of discovery will essentially remain the same.  All the Defendants would remain in the case.  Meanwhile, to resolve the First Amendment claims, the parties would still need to plumb the nature of Maltinsky's firing.  *See Khan v. New York City*, 757 F. Supp. 3d 327, 335-336 (E.D.N.Y. 2024) (permitting discovery where, "even if Defendants' motion [was] granted in full, discovery [would] still be required on the[] remaining claims, which concern[ed] the core of Plaintiff's allegations," and "resolution of the partial motion to dismiss will not meaningfully narrow the scope of discovery"); *cf. United States v. Honeywell Int'l, Inc.*, 20 F. Supp. 3d 129, 132 (D.D.C. 2013) (declining to stay discovery because "motions in" "related cases" would not be "dispositive of all issues").

Finally, it should go without saying: Maltinsky will suffer prejudice from unnecessarily delaying the resolution of this case. He should have the opportunity to plumb the facts of his termination when witness recollections are freshest and documentary evidence is most readily available. Moreover, each day that passes reflects a frustration of justice and an irreparable loss of Maltinsky's First Amendment rights. *See Roman Cath. Diocese of Brooklyn v. Cuomo*, 592 U.S. 14, 19 (2020) ("The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." (quoting *Elrod v. Burns*, 427 U.S. 347, 373 (1976) (plurality opinion)).

The Court should therefore reject Defendants' exercise in delay and set a Rule 16 conference as soon as possible.[1]

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court set a Rule 16 conference.

July 15, 2026

/s/ Nathaniel A.G. Zelinsky
NATHANIEL A.G. ZELINSKY
 (D.C. BAR. NO. 1724093)
SYDNEY FOSTER
 (D.C. Bar No. 982340)
ROSA L. BAUM
 (D.C. Bar No. 90032839)
WASHINGTON LITIGATION GROUP
1717 K Street, NW, Suite 1120
Washington, D.C. 20006
202-521-8750
nzelinsky@washingtonlitigationgroup.org
sfoster@washingtonlitigationgroup.org
rbaum@washingtonlitigationgroup.org

---

[1] It is not necessary for Defendants to file an answer to conduct the Rule 16 conference and begin discovery. But to the extent the Court concludes otherwise or determines that would be beneficial for Defendants to file an answer, Maltinsky also respectfully requests the Court order Defendants to answer the complaint.

CHRISTOPHER M. MATTEI
  (DDC No. CT0029)
MARGARET M. DONOVAN
  (DDC No. CT0026)
KOSKOFF, KOSKOFF & BIEDER, PC
350 Fairfield Ave., Suite 501
Bridgeport, CT 06604
Tel: (203) 336-4421
Fax: (203) 368-3244
cmattei@koskoff.com
mdonovan@koskoff.com

KERRIE D. RIGGS
  (DDC No. 995784)
JEREMY D. WRIGHT
  (*Application for admission
  forthcoming*)
KATOR, PARKS, WEISER & WRIGHT,
P.L.L.C.
1150 Connecticut Ave., N.W., Suite 705
Washington, D.C. 20036
Phone: (202) 898-4800
Fax: (202) 289-1389
kriggs@katorparks.com
jwright@katorparks.com

4