**UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA**

DAVID M. MALTINSKY

      *Plaintiff*,

  v.

KASHYAP P. PATEL, in his official
capacity as Director, Federal Bureau of
Investigation, United States Department of
Justice, *et al.*,

      *Defendants*.

Case No. 1:25-cv-04031-RJL

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION
TO SCHEDULE RULE 16 CONFERENCE**

Defendants oppose Plaintiff's request to depart from Local Rule 16.3(b) and begin discovery before the Court has ruled on Defendants' partial motion to dismiss. Discovery should not begin until the Court has determined the appropriate scope of this case and Defendants have answered the Amended Complaint.

In federal civil cases filed in the United States District Court for the District of Columbia, the parties' initial discovery obligations under Local Rule 16 and Federal Rules of Civil Procedure 16(b) and 26(f) "*shall not apply* in cases in which no answer has *yet* been filed." Local Rule 16.3(b) (emphasis added). No answer has been filed yet in this case. Under the majority view of federal district courts, which is uniformly followed in the District of Columbia, a timely filed partial motion to dismiss suspends the time by which a defendant must respond to the entirety of the complaint pursuant to Rule 12(a) of the Federal Rules of Civil Procedure. *Doshi v. Blinken*, No. CV 23-3613 (RC), 2024 WL 3509486, at *10 (D.D.C. July 22, 2024); *Betz v. First Credit Servs., Inc.*, 139 F. Supp. 3d

1

451, 456 n.4 (D.D.C. 2015). Taking this approach brings greater order to litigation by obviating the need for "duplicative sets of pleadings in the event that the Rule 12(b) motion is denied," and avoids "confusion over the proper scope of discovery during the motion's pendency." 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1346 (4th ed. 2024).

Although "trial courts are vested with broad discretion to manage the conduct of discovery," Plaintiff does not offer sufficient reasons to depart from the Court's standard rules. *Chavous v. Dist. of Columbia Fin. Resp. Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2–3 (D.D.C. 2001). Defendants filed the partial motion to dismiss the Amended Complaint in good faith and not for purposes of delay. Limiting discovery only to the claims properly before the Court will promote efficient discovery, conserve the resources of both the parties and the Court, and ensure that adequate time is allotted for necessary discovery under the scheduling order to be issued in this case.

Defendants' partial motion to dismiss was filed in good faith in order to appropriately narrow the broad scope of issues that Plaintiff raised in this case to only those claims that Plaintiff supports with plausible allegations. Defendants have accordingly moved to dismiss Plaintiff's causes of action for discrimination and retaliation under Title VII of the Civil Rights Act of 1964 and the Fifth Amendment's equal protection clause. Those claims will involve extensive discovery on both sides if the Court allows them to proceed. Defendants also seek to dismiss Plaintiff's claims for monetary relief, including back pay, which will similarly require extensive discovery on both sides, including likely expert witness discovery quantifying Plaintiff's monetary remedies if the Court allows this relief to be sought. If discovery begins before these

issues are resolved, the parties risk unnecessarily expending valuable resources if these claims are ultimately dismissed, and the parties otherwise risk a loss of valuable time under a scheduling order to conduct discovery on claims that the Court may ultimately decide to allow.

Although Plaintiff argues that discovery should begin now to avoid "delaying the resolution of this case," ECF No. 19 at 3, and wrongly characterizes Defendant's position as an "exercise in delay," *id.*, any perceived delays in this litigation up to the present are not attributable to Defendants, and Plaintiff cannot point to any conduct in this litigation suggesting that Defendants' purpose has been delay. Pursuant to an agreed-on briefing schedule at the outset of this case, Defendants filed their first partial motion to dismiss on February 19, 2026. ECF No. 12. Plaintiff's deadline to respond to Defendants' motion was March 23, 2026, but on March 20, 2026, Plaintiff filed an unopposed request for a 45-day extension of time. ECF No. 13. On May 5, 2026, Plaintiff then moved with consent to amend the complaint. ECF No. 15. At the same time, the parties submitted a joint proposal for further responsive pleading and briefing deadlines. ECF No. 15. Plaintiff agreed to that scheduling proposal with the understanding that Defendants had already filed a partial motion to dismiss and would likely file another partial motion to dismiss on June 15, 2026. *See id.* Plaintiff requested, and Defendants agreed, to allow Plaintiff a month to file his opposition and a week for Defendants to file their reply. *See id.* Ultimately, Defendants filed their partial motion to dismiss the Amended Complaint, Plaintiff filed his opposition, and Defendants today filed their reply, all in accordance with those agreed-on deadlines. ECF No. 16, 18, 20.

Under the majority approach and Fed. R. Civ. P. 12(a)(4)(A), Defendants' deadline to respond to the Amended Complaint should be fourteen days after the Court decides Defendants' partial motion to dismiss. Although Defendants acknowledge that discovery on the First Amendment issues will become necessary after that point, Defendants oppose discovery on theories that fail as a matter of law and object to starting discovery before this Court resolves whether Plaintiff's other substantive causes of action can proceed. The reason not to depart from Local Rule 16.3(b) in this case is not only to avoid the possibility of filing duplicative pleadings but also to allow the parties to reasonably manage the discovery process at the outset, with full clarity regarding the scope of claims at issue.

The Court should therefore reject Plaintiff's request to depart from the Court's standard rules and ordinary practice. The Court should deny Plaintiff's motion and order that Defendants' obligation to answer the Amended Complaint will arise fourteen days after the Court resolves Defendants' pending partial motion to dismiss, and that the parties' obligations under Local Rule 16(b) will be triggered only after the Answer is filed.

Dated: July 22, 2026                    Respectfully submitted,

                                        BRETT A. SHUMATE
                                        Assistant Attorney General

                                        CHRISTOPHER R. HALL
                                        Assistant Branch Director

                                        /s/ *Natalie M. Villalon*
                                        NATALIE M. VILLALON
                                        DC Bar No. 90015127
                                        Trial Attorney
                                        United States Department of Justice

Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
Tel: (202) 860-9963
Email: Natalie.M.Villalon@usdoj.gov

*Counsel for Defendants*