**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

DAVID MALTINSKY,

        *Plaintiff,*

    v.

KASHYAP P. PATEL *et al.*,

        *Defendants*.

No. 25-cv-4031-RJL

**REPLY IN SUPPORT OF
MOTION TO SCHEDULE RULE 16 CONFERENCE**

The government's abuse of an honorable member of the nation's law enforcement community is shocking. The government now agrees that this case "turn[s] on factual questions," namely Defendants' actions and the circumstances of Plaintiff David Maltinsky's firing, which can only be resolved "through discovery." ECF No. 21 at 1. There is no reason to wait to begin the discovery process. Regardless of how the Court resolves the government's objection to Plaintiff's claims under Title VII of the Civil Rights Act of 1964 and the equal-protection component of the Fifth Amendment, the scope of discovery will remain largely the same. At bottom, the parties will need to plumb the facts surrounding Maltinsky's unlawful termination. Further delay will only prolong the wrong done to Plaintiff—and, all the while, memories will fade and documentary evidence will grow more difficult for Plaintiff to unearth. The Court should grant the motion to set a Rule 16 conference and allow this case to proceed to the swift resolution it deserves.

Defendants' arguments for delaying the inevitable discovery hold no merit. The crux of Defendants' opposition is that waiting "will promote efficient discovery" by precluding the need

for discovery into Plaintiff's Title VII and equal-protection claims. ECF No. 22 at 2. This is wrong. The core factual issues at the heart of Plaintiff's First Amendment claims, on the one hand, and the Title VII and equal-protection claims, on the other hand, are essentially the same. Ultimately, both sets of claims require discovery bearing on the reasons Defendants fired Maltinsky. No matter how the Court resolves Defendants' partial motion to dismiss, the parties will need to examine Defendants' actions.

This is therefore not a case in which waiting until after the Court resolves a dispositive motion will meaningfully alter the contours of discovery. Indeed, Defendants tellingly do not identify a single category of discovery into their actions that will be materially different if the Court dismisses the Title VII or equal-protection claims. In this situation, a "court should generally not . . . stay discovery." 10A *Federal Procedure, Lawyers Edition* § 26:318; *see Royer v. Fed. Bureau of Prisons*, 292 F.R.D. 60, 62 (D.D.C. 2013) ("A stay of discovery pending determination of a motion to dismiss is rarely appropriate when the pending motion will not dispose of the entire case." (quoting *Chavous v. Dist. of Columbia Fin. Resp. & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 3 (D.D.C. 2001)) (brackets omitted)).

Defendants suggest that the court should delay discovery because computations of back pay and other monetary relief—which the partial motion to dismiss challenges—will require "extensive discovery." ECF No. 22 at 2. This is far-fetched. Computing back pay, for example, entails calculating what Plaintiff would have earned had Defendants not fired him less what he earned while mitigating damages. There is nothing "extensive" or complicated about this basic math question. Regardless, Plaintiff has no objection to first conducting discovery into Defendants' actions—a critical inquiry that, again, will need to occur regardless of how Defendants' partial motion to dismiss is resolved—and reserving any discovery into issues related to monetary relief

2

until after the Court resolves the partial motion to dismiss.  This is the type of ordinary discovery management issue the Court can address at a Rule 16 conference.

Defendants resist the suggestion that they are engaging in delay tactics, but they ignore the multiple ways in which their actions have unnecessarily slowed this case down.  After his deeply disturbing firing, Plaintiff moved quickly to administratively exhaust his Title VII claims.  *See* ECF No. 15-2 ¶¶ 5, 10.  By law, the government had 180 days to resolve Plaintiff's Equal Employment Opportunity ("EEO") complaint (or take certain other actions), in which period Plaintiff could not proceed to court on those claims.  *See* 42 U.S.C. § 2000e-16(c); 29 C.F.R. §§ 1614.108(e)-(g), 1614.110(b).  The government waited until nearly the last possible day to resolve the Title VII claims at the administrative level—only to dismiss Plaintiff's EEO complaint based on the bizarre theory that Article II invalidates Title VII.  *See* ECF No. 15-2 ¶ 10.  When the matter headed to this Court, however, the government curiously declined to assert its sweeping arguments about Article II—while simultaneously remaining coy about whether it will resurrect its Article II arguments at a later date.

In contrast to the government's foot-dragging, Plaintiff moved expeditiously to file an amended complaint after receiving the EEO decision.  *See* ECF No. 15-2.  Moreover, the reason Plaintiff needed "a 45-day extension of time" to file the amended complaint (ECF No. 22, at 3) was that *the government* insisted on taking its time to decide his EEO complaint—and Plaintiff could not file an amended complaint adding his Title VII claims until *after* the government issued a decision on the EEO complaint or 180 days had passed.  42 U.S.C. § 2000e-16(c).  Meanwhile, Plaintiff moved for discovery promptly after it became clear that the government would only file a partial motion to dismiss the amended complaint.  The government's suggestion that Plaintiff is to blame for delay—after it unlawfully fired him and then sat on his EEO complaint—is risible.

Finally, it bears emphasizing that the government does not dispute that this Court has the authority to order discovery at this juncture in the case. *See* ECF No. 22, at 2 (acknowledging that "trial courts are vested with broad discretion to manage the conduct of discovery," but contending that "Plaintiff does not offer sufficient reasons to depart from the Court's standard rules"). And, tellingly, the government cites *no* decision by a court in this District that has relied on a pending partial motion to dismiss—particularly one as limited as the motion here—to deny a request to commence discovery. Rather, the cases on which Defendants rely (ECF No. 22, at 1-2) concern whether a defendant who files a partial motion to dismiss has an obligation to *answer* the complaint, not whether *discovery* should be delayed. *See Betz v. First Credit Servs., Inc.*, 139 F. Supp. 3d 451, 456 n.4 (D.D.C. 2015) (suspending requirement to file answer); *Doshi v. Blinken*, No. CV 23-3613 (RC), 2024 WL 3509486, at *9 (D.D.C. July 22, 2024) (declining to find default when party filed a partial motion to dismiss, but did not file an answer on an uncontested claim). The treatise the government cites (ECF No. 22, at 2) likewise addresses whether the government must file an answer in this context. Indeed, the next sentence of that treatise underscores that a partial motion to dismiss need *not* halt discovery. *See* 5B *Wright & Miller's Federal Practice & Procedure* § 1346 (4th ed.) ("That said, there is no guarantee that the delay occasioned by a partial Rule 12(b) motion will result in staying discovery; one district court . . . noted that discovery should go forward, even though a pending dispositive motion pertaining to fewer than all of the claims extended the deadline for filing a responsive pleading.").

Finally, Defendants say not a word about the prejudice that Plaintiff will suffer from further delay. But it bears repeating: Every day that passes means memories grow fainter and documents become harder to unearth. All the while, Plaintiff's serious constitutional injuries will go unaddressed. *See Roman Cath. Diocese of Brooklyn v. Cuomo*, 592 U.S. 14, 19 (2020) ("The loss

4

of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." (quoting *Elrod v. Burns*, 427 U.S. 347, 373 (1976) (plurality op.)).  The Court should reject the government's efforts to delay accountability.

## CONCLUSION

For the foregoing reasons, and those in the motion, Plaintiff respectfully requests that the Court grant the motion to set a Rule 16 conference.

/s/ Nathaniel A.G. Zelinsky
NATHANIEL A.G. ZELINSKY
  (D.C. Bar. No. 1724093)
SYDNEY FOSTER
  (D.C. Bar No. 982340)
ROSA L. BAUM
  (D.C. Bar No. 90032839)
WASHINGTON LITIGATION GROUP
1717 K Street, NW, Suite 1120
Washington, D.C. 20006
202-521-8750
nzelinsky@washingtonlitigationgroup.org
sfoster@washingtonlitigationgroup.org
rbaum@washingtonlitigationgroup.org

CHRISTOPHER M. MATTEI
  (DDC No. CT0029)
MARGARET M. DONOVAN
  (DDC No. CT0026)
KOSKOFF, KOSKOFF & BIEDER, PC
350 Fairfield Ave., Suite 501
Bridgeport, CT 06604
Tel: (203) 336-4421
Fax: (203) 368-3244
cmattei@koskoff.com
mdonovan@koskoff.com

KERRIE D. RIGGS
  (DDC No. 995784)
JEREMY D. WRIGHT
  (*Application for admission
  forthcoming*)
KATOR, PARKS, WEISER & WRIGHT,
P.L.L.C.
1150 Connecticut Ave., N.W., Suite 705
Washington, D.C. 20036
Phone: (202) 898-4800
Fax: (202) 289-1389
kriggs@katorparks.com
jwright@katorparks.com

6